70 F.3d 121
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
David M. MAQUEIRA, Defendant-Appellant.
 No. 95-10030.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 8, 1995.
Decided Nov. 13, 1995.
 
 Before: HUG, THOMPSON, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant David M. Maqueira entered a conditional plea of guilty to possession of cocaine with intent to distribute. On appeal, he challenges the district court's denial of his motion to suppress. He contends that the police officer's initial interview with him transformed a consensual encounter into an illegal investigative seizure of his person, unsupported by articulable, reasonable suspicion, when the officer requested appellant to consent to a pat-down search. He also contends that the pat-down search of his person was involuntary and that the discovery of cocaine on his person by the officer did not give rise to probable cause to arrest him. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 I.
 
 3
 Appellant contends that when the officer requested him to submit to a pat-down search, it resulted in a seizure of his person, unsupported by reasonable, articulable suspicion. He also contends that he did not voluntarily consent to the pat-down search.
 
 
 4
 The district court's determination that the encounter between appellant and the officer was consensual and not a detention is a finding of fact that can be overturned only if it is clearly erroneous. United States v. Erwin, 803 F.2d 1505, 1508 (9th Cir.1986). "In assessing the voluntariness of police-citizen encounters ... the 'essential inquiry is whether the person stopped reasonably believed that he or she was not free to leave.' " Id. (quoting United States v. Patino, 649 F.2d 724, 726-27 (9th Cir.1981)). Only when, " 'in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave' " will we hold that a person was "seized." Michigan v. Chesternut, 486 U.S. 567, 573 (1988) (quoting United States v. Mendenhall, 446 U.S. 544, 554 (1980)).
 
 
 5
 Appellant concedes that the initial portion of the encounter was consensual up until the officer requested the pat-down of appellant's person. He argues that at that moment, the consensual encounter transformed into an illegal detention, relying on United States v. Jaramillo, 891 F.2d 620 (7th Cir.1989), cert. denied, 494 U.S. 1069 (1990). We decline to read Jaramillo, however, to imply that once a pat-down search is requested, all consensual encounters become seizures of the person.
 
 
 6
 Furthermore, the district court found that the officer never displayed any physical force or made any improper show of authority toward appellant, and that the undisputed evidence established that appellant believed he was free to leave at all times. We conclude that the court did not clearly err in determining that the encounter was consensual and therefore not a "seizure" of appellant's person.
 
 
 7
 Appellant next argues that he did not voluntarily consent to the pat-down search. He maintains that because the request for a pat-down search turned the encounter into a detention, the search could not be voluntary. We review for clear error the district court's finding that appellant voluntarily consented to the search. United States v. Hamilton, 792 F.2d 837, 841 (9th Cir.1986). The voluntariness of a search is determined based on the totality of the circumstances. Schneckloth v. Bustamonte, 412 U.S. 218, 227 (1973).
 
 
 8
 As noted above, we hold that the request to submit to a pat-down search did not turn the search into a detention. Furthermore, the district court, having sat through an extensive hearing, concluded that the officers' credible testimony that appellant verbally consented to the search and simultaneously raised his arms in an apparent effort to ease the search was unrebutted.
 
 
 9
 We conclude that the district court did not clearly err in finding, based on the totality of the circumstances, that "the three-minute interview with defendant--from the Officer's initial approach until defendant's arrest, including the pat-down search, was a consensual encounter" and that appellant voluntarily consented to the pat-down search of his person. Because we conclude that the encounter was consensual, and not an investigative detention, we need not consider whether it was otherwise supported by articulable, reasonable suspicion that appellant had committed or was about to commit a crime. See, e.g., United States v. Low, 887 F.2d 232, 235 (9th Cir.1989).
 
 II.
 
 10
 Appellant's final contention is that the officer's "tactile sensation" of the cocaine container under appellant's pants during the pat-down search did not give the officer legal grounds to seize the object or create probable cause to arrest him. We do not agree.
 
 
 11
 If an officer discovers, during an otherwise lawful pat-down search of the suspect's outer clothing, "an object whose contour or mass makes its identity immediately apparent" as contraband, its seizure is justified. Minnesota v. Dickerson, 113 S.Ct. 2130, 2137 (1993). Analogizing to the "plain view" doctrine, the Supreme court in Dickerson, clearly stated that the "plain touch" or "plain feel" doctrine applies "to cases in which an officer discovers contraband through the sense of touch during an otherwise lawful search." Id. at 2137 (emphasis added). Although Dickerson involved the discovery of contraband pursuant to a protective Terry search, we conclude that Dickerson applies to the circumstances of this case because it involved an otherwise lawful consensual search.
 
 
 12
 Appellant argues that even if the pat-down search was lawful, the district court nonetheless erred in concluding that the discovery of the object gave rise to probable cause to arrest him. We do not agree. Under Dickerson's "plain touch" doctrine, the question is whether the incriminating character of the contraband found by the officer was "immediately apparent." The district court found that the officer had "the requisite training and experience to have instantly recognized kilogram-size cocaine containers when he initially felt them." The officer personally had the opportunity at least five times to feel externally body-carried packages which were kilogram-size cocaine containers. We conclude that the district court did not clearly err in its findings.
 
 
 13
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3